IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


STEVEN PUGH,                                              PETITIONER

V.                                                        NO. 1:07CV171-M-D

STATE OF MISSISSIPPI, et al.,                             RESPONDENTS


## OPINION

This cause comes before the court on the petition of Steven Pugh for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pugh, who is currently in the custody of the Mississippi Department of Corrections, was sentenced on August 26, 1995, in the Circuit Court of Lowndes County, Mississippi, after being found guilty of sexual battery. Petitioner candidly admits that he has not pursued available post-conviction remedies in any state court.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner readily acknowledges his claims have not been presented to the State's highest court. Therefore, he has not exhausted his available state remedies. *See* Miss. Code Ann. §§ 99-39-1 *et seq.* Consequently, his petition to this court is premature and must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 22nd day of August, 2007.

      **/s/ Michael P. Mills**
      **CHIEF JUDGE**
      **UNITED STATES DISTRICT COURT**
      **NORTHERN DISTRICT OF MISSISSIPPI**